UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------
XTDR, LLC d/b/a SERVPRO PARK
CITY SHORELINE,

                    Plaintiff,

   -against-

CITY OF LONG BEACH, NEW YORK,

                   Defendant.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**

14-CV-2157 (DRH)(SIL)

**A P P E A R A N C E S :**

**For the Plaintiff:**
**MELTZER, LIPPE, GOLDSTEIN & BREITSTONE, LLP**
190 Willis Avenue
Mineola, NY 11501
By:   Loretta M. Gastwirth, Esq.

**DRESSMAN BENZIGER LAVELLE PSC**
221 East Fourth Street, Suite 2500
Cincinnati, OH 45202
By:   Kathleen Tranter, Esq.
        Kevin Hoskins, Esq.

**For the Defendant:**
**CITY OF LONG BEACH, OFFICE OF CORPORATION COUNSEL**
One West Chester Street
P.O Box 9002
Long Beach, NY 11561
By:   Robert M. Agostisi, Esq.

**HURLEY, Senior District Judge:**

      Plaintiff XTDR, LLC d/b/a Servpro Park City Shoreline ("plaintiff" or "Servpro") commenced this action against defendant City of Long Beach ("defendant" or "Long Beach" or "the City") asserting claims arising out of services that Servpro performed for the City. In an order dated September 30, 2016, the Court granted summary judgment to the City on plaintiff's quantum meruit claims but found that a genuine issue of fact existed as to

plaintiff's breach of contract claims ("the Summary Judgment Order"). Presently before the Court is defendant's motion for reconsideration "of one, limited portion" of the Summary Judgment Order relating to the breach of contract claims, which will be explained further below. (Def.'s Mem. in Supp. at 1.) For the reasons set forth below, the defendant's motion is denied.

## BACKGROUND

The Court assumes familiarity with the facts and procedural history of this case as set forth in the Summary Judgment Order.

## DISCUSSION

### I. *Legal Standard*

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Int'l Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995); *accord Arum v. Miller,* 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003); *see also U.S. Titan, Inc. v. Guangzhou Men Hua Shipping Co.,* 182 F.R.D. 97, 100 (S.D.N.Y. 1998) (concluding that a motion for reconsideration under Local Civil Rule 6.3 "provides the Court with an opportunity to correct manifest errors of law or fact, hear newly discovered evidence, consider a change in the applicable law or prevent manifest injustice"). The moving party, however, may not repeat "arguments already briefed, considered and decided." *Schonberger v. Serchuk,* 742 F. Supp. 108, 119 (S.D.N.Y. 1990); *accord Polsby v. St. Martin's Press, Inc.,* 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000); *see also Medoy v. Warnaco Employees' Long Term Disability Ins.*

*Plan,* 2006 WL 355137 (E.D.N.Y. Feb. 15, 2006) ("The standard for . . . reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court.").

## II. Discussion

As discussed in the Summary Judgment Order, Servpro alleges that it entered into a contract with Long Beach to perform cleanup and restoration services at four facilities damaged during Superstorm Sandy. The Court found that there were genuine issues of material fact as to whether there was a contract between the parties with respect to each facility. Here, defendant asks the Court to reconsider its decision with respect to one of the facilities, the Martin Luther King ("MLK") Center. Defendant argues that the evidence does not demonstrate the "acceptance and/or mutual assent that Servpro must proffer in order to carry its burden" in raising a genuine question of fact as to whether there was a contract to perform services at the MLK Center. (Def.'s Mem. in Supp. at 4.) Specifically, defendant argues that there could not have been mutual assent to perform work at the MLK Center given Long Beach Commissioner James LaCarrubba's ("LaCarrubba") and Deputy Commissioner Joseph Febrizio's ("Febrizio") failure to respond to an email dated November 8, 2012 from Servpro containing Servpro's rates. According to defendant, this "complete silence" while work at the MLK Center was underway indicates a lack of mutual assent regarding the price of Servpro's services.

Firstly, the defendant's motion is denied because the aforementioned facts were raised in their original summary judgment motion and mentioned by the Court in the Summary Judgment Order. Thus, defendant has not pointed to any facts that the Court overlooked and fails to meet

3

the standard for a motion for reconsideration.[1] In addition, defendant's motion is denied because as noted in the Summary Judgment Order, Servpro has pointed to evidence indicating that there was mutual assent to perform work at the MLK Center, i.e., that Servpro provided their rates to Long Beach's then corporation counsel Corey Klein ("Klein") prior to any work beginning, that Long Beach Commissioner LaCarrubba and Deputy Commissioner Febrizio "had knowledge of [Servpro's] rates while directing Servpro to work at the facilities,"[2] and that Servpro performed such work. (Summary Judgment Order at 8.) As discussed in the Summary Judgment Order, these facts are sufficient to raise a genuine question of fact as to whether there was mutual assent between Servpro and the City to perform work at the MLK Center. *See Design Partners, Inc. v. Five Star Electric Corp.*, 2017 WL 818364, at *9 (E.D.N.Y. Mar. 1, 2017) (quoting *Action Temporaries Mgmt. Co. v. Stratmar Sys., Inc.*, 1996 WL 110170, at *2 (2d Cir. Mar. 12, 1996) ("Under New York law, 'the existence of a contract may be established through conduct of the parties recognizing the contract,' even if no 'final contract' has been signed by the parties."); *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 427 (2d Cir. 2004) ("The manifestation or expression of assent necessary to form a contract may be by word, act, or conduct which *evinces the intention of the parties to contract*." (internal quotation marks and citation omitted)). Furthermore, as noted in the Summary Judgment Order, there is a genuine question of fact as to whether Febrizio and LaCarrubba had apparent authority to authorize the work on behalf of the

---

[1] Although defendant prefaces its motion with the theory that the Court "overlooked controlling case law attendant to breach of contract claims," (Def.'s Mem. in Supp. at 2), the motion does not point to any such controlling case law. Rather, defendant's motion quotes the Court's recitation of the law in the Summary Judgment Order and asks the Court to reconsider its concomitant application to factual data.

[2] Patrick Carroll ("Carroll"), Servpro's Chief Operating Officer, testified at his deposition that LaCarrubba and Febrizio were present at the initial meeting between the parties before any work was commenced and that the rates were discussed at that meeting. (Carrol Dep. at 60-61.)

City, given Carroll's testimony that on the day Servpro began its work, Klein told Servpro that LaCarrubba and Febrizio were in charge of the project. As a result, the City's motion for reconsideration is denied.

## Conclusion

For the foregoing reasons, defendant's motion for reconsideration is denied.

**SO ORDERED.**

Dated: Central Islip, New York
      May 25, 2017                                      _____/s/_____
                                                                      Denis R. Hurley
                                                                      United States District Judge